DENNIS J. HERRERA, State Bar #139669
City Attorney
CHERYL ADAMS, State Bar #164194
Chief Trial Deputy
PETER J. KEITH, State Bar #206482
NEWTON OLDFATHER, State Bar #281227
Deputy City Attorneys
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3908 [Keith]
Telephone:     (415) 554-4283 [Oldfather]
Facsimile:      (415) 554-3837
E-Mail:          peter.keith@sfgov.org
E-Mail:          newton.oldfather@sfgov.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA SHEEHAN,<br><br>            Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; KIMBERLY REYNOLDS, individually, and in her capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; KATHERINE HOLDER, individually and in her capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,<br><br>            Defendants.. | Case No. C09-03889 CRB<br><br>**DEFENDANTS' PROPOSED VERDICT FORM**<br><br>Pretrial Conf. Date:  August 4, 2016<br>Time:                       2 p.m.<br>Judge:                      Hon. Charles R. Breyer<br>Place:                       Courtroom 6, 17th Floor, 450 Golden Gate, San Francisco<br><br>Jury Selection:          August 15, 2016<br>Trial Date:                August 22, 2016 |

Defendants' Proposed Verdict Form
CASE NO.   C09-03889 CRB

n:\lit\li2016\090175\01120359.docx

**SPECIAL VERDICT FORM**

1. Do you find that Plaintiff Teresa Sheehan proved by a preponderance of the evidence that she was qualified under the Americans with Disabilities Act?

    Answer "Yes" or "No": _____

    If you answered "Yes" to Question 1, please proceed to Question 2. If you answered "No" to Question 1, do not answer any more questions, and please sign and date this verdict form.

2. Do you find that Plaintiff Teresa Sheehan proved by a preponderance of the evidence that after Teresa Sheehan closed her door on the officers, Sergeant Reynolds could have made a reasonable accommodation of Teresa Sheehan's disability that would have enabled Teresa Sheehan to be arrested without injury to herself or others?

    Answer "Yes" or "No": _____

    If you answered "Yes" to Question 2, please proceed to Question 3. If you answered "No" to Question 2, do not answer any more questions, and please sign and date this verdict form.

3. Do you find that Plaintiff Teresa Sheehan proved by a preponderance of the evidence that Sergeant Reynolds intentionally discriminated against Teresa Sheehan because of her disability?

    Answer "Yes" or "No": _____

    Please proceed to Question 4.

4. Do you find that Plaintiff Teresa Sheehan proved by a preponderance of the evidence that an officer interfered or attempted to interfere by threats, intimidation, or coercion with the exercise or enjoyment by plaintiff of rights secured by the Americans with Disabilities Act?

    Answer "Yes" or "No" for each officer:     Sergeant Kimberly Reynolds _____

    Officer Kathrine Holder _____

    If you answered "Yes" to Question 4 for either or both officers, please proceed to Question 5 – but answer Question 5 only for the officer(s) for which you answered "Yes" to Question 4.

If you answered "No" to Question 4 for both officers, skip Questions 5, 6, and 7, and go to Question 8.

5. Do you find that the act or conduct that interfered or attempted to interfere with plaintiff's rights was done deliberately or spitefully?

If you answered "Yes" for any officer in Question 4, answer "Yes" or "No" below for that officer(s). If you answered "No" for an officer in Question 4, then leave that officer's space below blank.

Sergeant Kimberly Reynolds _____

Officer Kathrine Holder _____

If you answered "Yes" to Question 5 for one or both officers, please proceed to Question 6 – but answer Question 6 only for the officer(s) for which you answered "Yes" to Question 5.

If none of your answers in Question 5 was "Yes," skip Questions 6 and 7, and go to Question 8.

6. Do you find that Plaintiff Teresa Sheehan proved by a preponderance of the evidence that the interference, or attempted interference caused plaintiff to suffer injury, damage, loss or harm?

If you answered "Yes" for any officer in Question 5, answer "Yes" or "No" for that officer(s). If you answered "No" or left a blank space for an officer in Question 5, then leave that officer's space below blank.

Sergeant Kimberly Reynolds _____

Officer Kathrine Holder _____

If you answered "Yes" to Question 6 for one or both officers, please proceed to Question 7 – but answer Question 7 only for the officer(s) for which you answered "Yes" to Question 6.

If none of your answers in Question 6 was "Yes," skip Question 7 and go to Question 8.

7. Do you find that a defendant officer proved by a preponderance of the evidence BOTH that she acted based on the good-faith, subjective belief that California Penal Code section 835a

authorized re-opening Plaintiff's door AND that when she re-opened Plaintiff's door, she did so for the purpose of arresting or detaining the Plaintiff and not for some other improper or malicious purpose?

If you answered "Yes" for any officer in Question 6, answer "Yes" or "No" for that officer(s). If you answered "No" or left a blank space for an officer in Question 6, then leave that officer's space below blank.

Sergeant Kimberly Reynolds _____

Officer Kathrine Holder _____

Please proceed to Question 8.

8. Check your answers to Questions 3 & 7. Write them here (or leave blank if the answer to those questions was blank):

Answer to Question 3: _____

Answer to Question 7 for    Sergeant Kimberly Reynolds _____

Officer Kathrine Holder _____

If your answer to Question 3 was "No," AND your answers to Question 7 were either blank or "Yes," then do not answer any more questions, and please sign and date this verdict form.

If your answer to Question 3 was "Yes," and/or any of your answers to Question 7 was "No," then please proceed to Question 9.

9. If you answered "Yes" to Question 3 then you have found that the City and County of San Francisco intentionally discriminated against Plaintiff Teresa Sheehan under the Americans with Disabilities Act. If you answered "No" to Question 7 for an officer, then you have found that officer engaged in conduct that violated Civil Code section 52.1.

What damages do you find Plaintiff Teresa Sheehan has proven by a preponderance of the evidence to have been caused by conduct that was intentional discrimination under the Americans with Disabilities Act or conduct that was a violation of Civil Code section 52.1?


$_____

Please sign, date and return this verdict form to the clerk or court security officer.

Date: _____

_____

FOREPERSON

Dated:  July 28, 2016

                DENNIS J. HERRERA
                City Attorney
                CHERYL ADAMS
                Chief Trial Deputy
                PETER J. KEITH
                NEWTON OLDFATHER
                Deputy City Attorneys

By: */s/ Peter J. Keith*
     PETER J. KEITH

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, HEATHER FONG, KIMBERLY REYNOLDS, and KATHRINE HOLDER