1  JOHN L. BURRIS, Esq./ State Bar #69888
2  BENJAMIN NISENBAUM, Esq./State Bar #222173
   LAW OFFICES OF JOHN L. BURRIS
   Airport Corporate Centre
3  7677 Oakport Street, Suite 1120
   Oakland, California 94621
4  Telephone: (510) 839-5200          Facsimile:  (510) 839-3882

5  Attorneys for Plaintiffs

6
                    UNITED STATES DISTRICT COURT
7
                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
8

9
   TERESA SHEEHAN,                          Case No.  C 09 03889 CRB
10
                  Plaintiff,                **PETITION APPOINTING GUARDIAN AD
11                                           LITEM AND APPROVING SETTLEMENT
                                             AND ORDER**
12        vs.

13 CITY AND COUNTY OF SAN FRANCISCO,         Time:  10:00 a.m.
   a municipal corporation; HEATHER FONG, in  Date:  October 14, 2016
14 her capacity as Chief of Police for the CITY  Courtroom 6, 17th Floor
   AND COUNTY OF SAN FRANCISCO;
15 KIMBERLY REYNOLDS , individually, and in
   her capacity as a police officer for the CITY  Hon. Charles R. Breyer
16 AND COUNTY OF SAN FRANCISCO;
   KATHERINE HOLDER, individually and in her  **PUBLIC REDACTED VERSION**
17 capacity as a police officer for the CITY AND
   COUNTY OF SAN FRANCISCO; and, San
18 Francisco police officers DOES 1-25, inclusive,

19
20               Defendants.
                                      /
21

22 Petitioner HERB THOMAS respectfully represents:

23        1.      I am a California Licensed Professional Fiduciary and have been a Registered

24 Guardian.  I own and operate Herb Thomas and Associates, Fiduciary Services, which I founded in

25 2004.  I have extensive experience in financial planning, insurance and fiduciary responsibility. My

26 Curricula Vitae, attached as Exhibit A hereto, accurately summarizes my experience, education, and

27 licensing. I have worked extensively in assisting clients navigating the complexities of personal

28 finance and public benefits.  I have extensive experience in particular working with plaintiffs whose

recoveries in civil lawsuits may potentially impact public benefits they receive. To that end, pursuant to my qualifications, I provide services as the trustee of special needs trusts on behalf of Plaintiffs like Teresa Sheehan, who receive public benefits. I also act as a Guardian Ad Litem pursuant to my qualifications where a plaintiff is disabled and lacks competency to make their own legal decisions. In some cases, I have been both the Guardian Ad Litem and the trustee of special needs trusts for the same plaintiff.

2.      I became involved in this matter at the request of Plaintiff Teresa Sheehan's attorneys, John Burris and Ben Nisenbaum.  I have become familiar with the facts of Ms. Sheehan's case, as well as her well-documented disability.  I have also reviewed the settlement offered in this action to Ms. Sheehan, the monetary component of which is a $1,000,000.00 payment from the insurance policy limits to be paid by Philadelphia Indemnity Insurance Company ("Philadelphia"), [REDACTED*****************************************************************************************************************************************************************************************************************************************************************************************************************************************************************************************************************************************************************************************************************************].

3.      Ms. Sheehan alleges causes of action against the named defendants herein for violation of Title II of the Americans with Disabilities Act and California law.

4.      Plaintiffs' causes of action arise out an incident which occurred on June 8, 2011, in which Defendants Holder and Reynolds shot her, resulting in serious injuries.

5.      No previous petition for appointment of guardian ad litem has been filed in this matter.

6.      I am willing to serve as Ms. Sheehan's Guardian Ad Litem.  I am fully competent to understand and protect the rights of Ms. Sheehan and have no interest adverse to that of Ms. Sheehan.

7.      I request that I be appointed guardian ad litem for Ms. Sheehan, as denoted above, to prosecute the above-described causes of action on behalf of Ms. sheehan, as denoted above, and for such other relief as the Court may deem just and proper.

8.      [REDACTED **************************************************** ********************************************************************* ********************************************************************* ********************************************************************* ********************************************************************* ********************************************************************* ********************************************************************* ********************************************************************* ********************************************************************* ***********].

9.      The proposed settlement of the case has a monetary component of $1,000,000.00 to be paid by Philadelphia Indemnity Insurance Company to satisfy Ms. Sheehan's claims for injury and all costs and attorneys' fees, and other non-monetary provisions described above in paragraph 2.  The settlement shall be paid as follows:

    a.      Attorney fees for Ms. Sheehan shall be 45% of her total gross recovery, in the amount of $450,000.00, pursuant to the contingency fee agreement in this case. In addition, Plaintiff's counsel shall recover the litigation costs advanced in advancing Ms. Sheehan's case.  The fees and costs include all attorney's fees and costs incurred by Plaintiff's instant counsel, the Law Offices of John L. Burris, and counsel retained by Plaintiff specially for U.S. Supreme Court proceedings: Leonard Feldman, Esq., formerly of Stoel-Rivas, currently with Peterson, Wampold, Rosato, Luna, Knopp.

b.    Plaintiff's counsel shall recover litigation costs advanced in prosecuting this action in the total amount of $87,257.76, as set forth below:

      1. Law Offices of John L. Burris:  $74,330.57
      2. Stoel-Rivas:  $8,576.74
      3. Peterson Wampold:  $4,350.45

c.    Ms. Sheehan's net recovery is in the amount of $462,742.24.

d.    From Ms. Sheehan's net settlement, $250,000.00 shall be placed in one of the structured settlements as set forth in confidential, sealed Exhibit B attached hereto. The settlement shall be disbursed according to the terms of the structured settlement proposal, subject to annuity rates at the time of purchase. A special-needs trust shall be created for Ms. Sheehan. The remainder of Ms. Sheehan's recovery shall be placed in the special needs trust, and all payments from the structured settlement shall be paid into the special needs trust.  I will administer the special needs trust as trustee.

10.    This petition was prepared by the Law Offices of John L. Burris, the lead counsel representing plaintiff in this action. Benjamin Nisenbaum, Esq. of Law Offices of John L. Burris also represents plaintiff and is in agreement with the terms of this Petition. John L. Burris, Esq. and Benjamin Nisenbaum, Esq. hereby represent to the Court that they became involved in this case at the request of plaintiff, and have not received, and do not expect to receive any compensation for their services in connection with this action from any person other than the parties whom they represent in this action.

11.    Petitioner and his counsel have made a careful and diligent inquiry and investigation to ascertain the facts relating to the subject incidents, the responsibility therefore, and the nature and extent of injury to Ms. Sheehan, and fully understand that if the compromise herein proposed is approved by the Court and is consummated, Ms. Sheehan will be forever barred and prevented from seeking any further recovery of compensation as against all Defendants in this action, even if her losses and injuries might in the future prove to be more serious than they are now thought to be.

12.    Petitioner recommends this compromise settlement to the Court as being fair, reasonable, and in the best interests of said incompetent plaintiff.

1

2        I declare under penalty of perjury that the foregoing is true and correct.

3

4   Dated:  August 9, 2016

5                                                    Herb Thomas

6

7                                    **ORDER**

8

9        Plaintiffs Petition to Appoint HERB THOMAS as the guardian ad litem of TERESA

10  SHEEHAN, in the instant matter is hereby Granted.

11       The Court hereby approves the settlement according to the terms set forth in the instant

12  petition to approve the settlement of Plaintiff's claims.

13       IT IS SO ORDERED.

14

15

16  Dated:_____            _____

17                                Hon. Charles R. Breyer
                                  UNITED STATES DISTRICT JUDGE
18

19

20

21

22

23

24

25

26

27

28